E-FILED
Kankakee County
21st Judicial Circuit
10/13/2022 3:10 PM
Sandra M Cianci
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT FOR THE 21st JUDICIAL CIRCUIT
KANKAKEE COUNTY, ILLINOIS

CASE NO: 2022LA73

ERICA KARNES, on behalf of herself
and all similarly situated individuals,

Plaintiff(s),

v.

KANKAKEE HOSPITALITY, LLC,
a Delaware Limited Liability Company,

Defendant.
_____/

Init Case Mgmt Conf
9:00 AM IN ROOM: 204
DATE: 12-13-2022

## CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ERICA KARNES ("Plaintiff"), by and through undersigned counsel, hereby files this Class Action Complaint for Damages and Demand for Jury Trial against Defendant, KANKAKEE HOSPITALITY, LLC (hereinafter referred as to "Defendant"), as follows:

1.   Plaintiff brings this class action for damages and other legal and equitable remedy resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's, and other similarly situated individuals' biometric identifiers and biometric information (referred to collectively as "biometrics") without informed without consent in violation of the Illinois Biometric Information Privacy Act ("BIPA").

2.   The Illinois Legislature has determined that "[b]iometrics are unlike any other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5I. "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual

**EXHIBIT A**

has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA.

4. As expressed herein, BIPA is the result of an expressed fundamental public policy and legislative intent in Illinois to regulate the collection of biometric information. BIPA provides, inter alia, that private entities like Defendant may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a) and (b).

5. In direct violation of each of the foregoing provisions of 15(a) and 15(b) of BIPA, Defendant actively collected, stored, and used the biometrics of employees, including Plaintiff, without providing notice, obtaining informed written consent or publishing data retention policies.

6. Specifically, during the relevant time period, Defendant required Plaintiff and other similarly situated individuals to use their fingerprints, which were collected and stored by the Defendant, to keep track of the amount of time Plaintiff was working.

7. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals to prevent Defendant from further violating privacy rights and to recover statutory

damages for Defendant's unauthorized collection, storage and use of Plaintiff's biometrics in violation of BIPA.

## PARTIES, JURISDICTION & VENUE

8.  Plaintiff is and has been at all relevant times, a resident and citizen of the State of Illinois. Plaintiff was employed by Defendant from August 2022 through October 5, 2022, at the Hilton Garden Inn in Kankakee, Illinois, which is owned and operated by Defendant. Plaintiff has been required to use her fingerprints to perform his duties daily within the five (5) year period prior to the filing of this Complaint. Plaintiff never consented, agreed or gave permission – written or otherwise – to this Defendant for the collection or storage of the biometric identifiers or biometric information associated with his handprints. Further, this Defendant never provided Plaintiff nor did she ever sign a written release allowing this Defendant to collect or store the biometric identifiers or biometric information associated with their fingerprints.

9.  Defendant is a Delaware limited liability company, registered to do business under the laws of Illinois, with its registered agent, National Registered Agents, Inc., located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604. Accordingly, Defendant is present in the State of Illinois, operates a business in Illinois, and is subject to the laws of Illinois. Defendant owns, operates, and/or controls Hilton Garden Inn in Kankakee, Illinois, and has employed hundreds of individuals in the State of Illinois within the past 5 years. Defendant may be served through its registered agent, National Registered Agents, Inc., at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

10. This Court has jurisdiction over this matter under Illinois law because this Court has general subject matter jurisdiction and no applicable statutory exception to jurisdiction exists.

11. This Court has personal jurisdiction over Defendant named in this action because Defendant is operating in Illinois and maintains a place of business in Illinois. Defendant collected the biometric information of Illinois residents at its place of business in Illinois and maintains such minimum contacts with Illinois to make this Court's exercise of jurisdiction proper. Defendant engages in continuous and systematic business operations or activities within Illinois and maintains a location in the State, including within Kankakee, Illinois, within this judicial circuit.

12. Venue is proper in this Court because Defendant maintains its place of business within this County, transacts substantial business within this County, and the events giving rise to this lawsuit occurred in substantial part within this County.

## FACTUAL BACKGROUND

13. Defendant operates a hotel in Kankakee, Illinois.

14. Plaintiff was employed by Defendant in the State of Illinois at Hilton Garden Inn located at 455 Riverstone Parkway, Kankakee, Illinois 60901, from August 2022 through October 5, 2022.

15. During the 5 years preceding the filing of this lawsuit, Defendant employed hundreds of individuals, including Plaintiff, and required its employees to use a finger or handprint reader/scanner to document the number of hours worked at its location in Illinois. Defendant required employees, including Plaintiff, to scan their fingerprints on a daily basis by using their fingerprints with the fingerprint scanner so that Defendant could track the number of hours worked.

16. Plaintiff's fingerprints are considered "biometric information" as that term is defined under BIPA.

17. Defendant failed to obtain express written consent from Plaintiff when it introduced biometric technology in connection with its time-keeping system and prior to obtaining, collecting, or possessing Plaintiff's biometric information.

18. The actions of Defendant violate the Plaintiff's statutory privacy rights under BIPA.

19. Defendant never informed Plaintiffs of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written consent or release from Plaintiff.

20. Defendant did not have written, publicly available policies identifying their retention schedules or guidelines for permanently destroying users' biometric identifiers or information.

21. Plaintiff has been required to retain the undersigned counsel to protect and enforce her rights under BIPA and is therefore entitled to recover reasonable attorney's fees and costs.

## CLASS ALLEGATIONS

22. Class Definition: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801-807 on behalf of a class of similarly situated individuals, defined as follows (hereinafter "the Class"):

> **All individuals formerly and/or currently employed by KANKAKEE HOSPITALITY, LLC, within the past 5 years in Illinois who had their biometric identifiers, including "fingerprints" collected, captured, received, or otherwise obtained by Defendant.**

23. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) persons who properly executed and file a timely request for exclusion from the Class; (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (4) Plaintiff's counsel and Defendant's counsel; and (6) legal representatives, successors, and assigns of any such excluded persons.

5

24. **Numerosity**: The number of persons within the Class is substantial and is believed to amount to hundreds of people. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

25. **Commonality and Predominance**: There are well-defined common questions of facts and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information;

(b) whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Class's biometric identifiers or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

6

(e) whether Defendant used Plaintiffs' and the Class's biometric identifiers or biometric information to identify them; and

(f) whether Defendant's violations of the BIPA were committed intentionally, reckless, or negligently.

26. **Adequate Representation**: Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex employment class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

27. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs

anticipate no difficulty in the management of his action as a class action. Class wide relief is essential to compel compliance with the BIPA.

### COUNT I – VIOLATION OF 740 ILCS 14/15(a) FOR FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE
**(On Behalf of Plaintiff and the Class)**

28. Plaintiff hereby incorporates the allegations within paragraphs 1-27 as though fully set forth herein.

29. Defendant is an Illinois corporation that operates business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

30. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

31. As a private entity covered under BIPA, Defendant failed and continues to fail to comply with these BIPA mandates.

32. Plaintiff and members of the putative class are individuals who had their "biometric identifiers" collected by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

33. Plaintiff's and putative class members' biometric identifiers were used to identify Plaintiffs and, therefore, constitute "biometric information" as defined by BIPA. *See* ILCS 14/10.

34. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

35. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the Class's biometric data and have not and will not destroy Plaintiffs' and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

36. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses, pursuant to 740 ILCS 14/20(3).

## COUNT II – VIOLATION OF 740 ILCS 14/15(b) FOR FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION
(On Behalf of Plaintiff and the Class)

37. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

38. Defendant is an Illinois corporation that operates in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

39. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject... in writing of the specific purpose and length of term for which a biometric identifier

or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information..." *See* 740 ILCS 14/15(b).

40. Defendant failed and still fails to comply with these BIPA mandates.

41. Plaintiff and members of the putative class are individuals who have had their "biometric identifiers" collected by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

42. Plaintiff's and the Class' biometric identifiers were used to identify them and, therefore, constitutes "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

43. Defendant systematically and automatically collected, used, stored, and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

44. Defendant never informed Plaintiffs and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiffs and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

45. By collecting, storing, using and disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, et. seq.

46. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use

and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ERICA KARNES, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

(A) Certifying this case as a class action on behalf of the Class above, appointing Plaintiff as representative of the class, and appointing their counsel as Class Counsel;

(B) Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1 *et seq.*;

(C) Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

(D) Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia,* an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

(E) Awarding Plaintiffs and the Class their reasonable litigation expenses and attorney's fees;

(F) Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

(G)  Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMAND

Plaintiff, ERICA KARNES, demands a trial by jury on all issues so triable.

Dated: October 13, 2022

> Respectfully Submitted,
>
> JORDAN RICHARDS PLLC
> 1800 SE 10th Ave. Suite 205
> Fort Lauderdale, Florida 33316
> Ph: (954) 871-0050
> *Counsel for Plaintiff*
>
> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Illinois Bar No. 6328923
> *jordan@jordanrichardspllc.com*
> *jake@jordanrichardspllc.com*
> *catherine@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served on all parties below on October 13, 2022.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Illinois Bar No. 6328923

## SERVICE LIST: